IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3181-FL

| | | |
|---|---|---|
| ANTHONY J. LEACH; ERIC M. MCMILLIAN; QUINN BENSON; JEFFERY HENNRICH, II, AND ADAM HITE | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| DONNIE HARRISON AND SHAW FOOD SERVICES CO., INC., | ) ) ) | |
| Defendants. | ) | |

The matter is before the court on defendant Donnie Harrison's ("Harrison") motion to strike (DE 47) and motion for extension of time (DE 50). In response, in part, to Harrison's motion to strike, plaintiff filed a motion to compel discovery (DE 48). Plaintiff's motion to compel was fully briefed. In this posture, the issues raised are ripe for adjudication.[1]

A.  Discovery Motions

   1.   Motion to Compel

Plaintiff filed a motion to compel discovery. Harrison subsequently filed a motion for summary judgment, raising the affirmative defense of qualified immunity. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562,

---

[1] The court notes that defendant Shaw Food Services Co. has a pending motion to dismiss (DE 35) and Harrison has a pending motion for summary judgment (DE 51). These motions will be adjudicated in a subsequent order.

564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because Harrison raised the defense of qualified immunity and asserts that plaintiff cannot establish a constitutional violation, Harrison is entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Therefore, the court DENIES plaintiff's motion to compel.

2. Requests for Admissions

Plaintiff served Harrison with a document captioned "Request for Admissions." In response, Harrison filed an objection to plaintiff's requests for admissions and motion to strike arguing that plaintiff's pleading contains only open ended questions that would more properly be defined as interrogatories, and are not capable of being answered as "admitted" or "denied."

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36 allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents."[2] Fed. R. Civ. P. 36(a). In making requests for admissions, "the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for

---

[2] Requests for admissions are not a discovery device. See Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 184 (S.D.W. Va. Dec. 21, 2010). As a result, the court addresses plaintiff's requests for admissions separately from plaintiff's motion to compel.

2

purposes of clarification." Susko v. City of Weirton, No. 5:09-CV-1, 2010 WL 1881933, at *3 (N.D.W. Va. May 7, 2010) (internal quotation omitted).

In this case, plaintiff has not met his burden of fashioning his requests for admissions in a manner such that they can be answered with a simple admit or deny without an explanation. Rather, the court agrees with Harrison in that plaintiff's requests for admissions are more appropriately classified as interrogatories. Accordingly, the court SUSTAINS Harrison's objections to plaintiff's requests for admissions, and plaintiff's requests for admissions are construed as interrogatories. To the extent Harrison requests that plaintiff's requests for admissions/interrogatories be stricken from the record, his motion is DENIED.

B.   Motion for Extension of Time

Harrison filed a motion for extension of time to file dispositive motions. Dispositive motions were due on April 4, 2013, and Harrison filed his motion for summary judgment on April 25, 2013. For good cause shown, Harrison's motion for extension of time is GRANTED.

In summary, plaintiff's motion to compel (DE 48) is DENIED, and discovery is stayed as to Harrison pending a resolution of Harrison's affirmative defense of qualified immunity. The court SUSTAINS Harrison's objection to plaintiff's requests for admissions, but DENIES his motion to strike (DE 47). Harrison's motion for extension of time (DE 50) is GRANTED.

SO ORDERED, this the 20th day of June, 2013.

/s/ Louise W. Flanagan
_____
LOUISE W. FLANAGAN
United States District Judge