IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3181-FL

| | | |
|---|---|---|
| ERIC M. MCMILLIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNIE HARRISON and SHAW FOOD SERVICES CO., INC., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

The matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 35) filed by defendant Shaw Food Services Company Inc. ("Shaw Food Services"). Also before the court is defendant Donnie Harrison's ("Harrison") motion for summary judgment (DE 51). The issues raised are ripe for adjudication. For the foregoing reasons, the court grants defendants' respective motions.

**STATEMENT OF THE CASE**

On September 21, 2011, plaintiff Eric M. McMillian ("McMillian"), a pretrial detainee at the Wake County Jail (the "jail"), along with co-plaintiffs Anthony J. Leach ("Leach"), Quinn Benson ("Benson"), Jeffery Hennrich, II ("Hennrich"), and Adam Hite ("Hite") filed this action pursuant to 28 U.S.C. § 1983 against defendants Harrison and Shaw Food Services. Shortly thereafter, the court dismissed the claims brought by plaintiffs Leach, Benson, Hennrich, and Hite for failure to prosecute, leaving McMillian as the sole remaining plaintiff.

After filing the complaint, McMillian submitted two motions to amend his complaint, which the court allowed. McMillian's pleadings alleged the following claims: (1) defendants consistently served inadequate meals, including short portions, lack of salt, and lack of variety in courses in violation of the Fourteenth Amendment to the United States Constitution;[1] and (2) defendants provided inadequate telephone services in violation of the First Amendment to the United States Constitution. McMillian was released from the jail on September 23, 2011. Umesi Aff. ¶ 3.[2]

On August 6, 2012, the court conducted a frivolity review of McMillian's action, and dismissed as frivolous McMillian's food-related claim pertaining to the alleged lack of salt and variety in his meals. The court allowed McMillian to proceed with his remaining claims.

On September 4, 2012, Shaw Food Services filed a motion to dismiss McMillian's claims for failure to state a claim upon which relief may be granted. Harrison subsequently moved for summary judgment arguing that McMillian failed to establish a constitutional violation. Both motions were fully briefed.

---

[1] A pretrial detainee's claims relating to an alleged denial of medical care are governed by the Fourteenth Amendment, which prohibits treatment so severe that it constitutes punishment. The constitutional protections afforded a pretrial detainee under the Fourteenth Amendment are coextensive with those provided by the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)).

[2] Wake County Jail Medical Director Dr. Obi Umesi ("Umesi") submitted an affidavit in support of Harrison's motion for summary judgment. Umesi Aff. ¶ 1.

## STATEMENT OF FACTS

The undisputed facts are as follows. Plaintiff was incarcerated at the jail from February 13, 2011, through April 13, 2011, and from July 11, 2011, through September 23, 2011. Umesi Aff. ¶ 3. On February 17, 2011, McMillian requested a vegetarian diet, which the jail approved on February 19, 2011. Id.

The jail contracted with Shaw Food Services to provide food service at the time of plaintiff's incarceration. Id. ¶ 4. Shaw Food Services regularly furnished special and medical diet meals, including vegetarian meals, which were written and routinely reviewed by a state licensed Dietician/Nutritionist and prepared by food service workers. Id. ¶¶ 4-5. During plaintiff's incarceration at the jail, Umesi "personally observed" that Shaw Food Services furnished nutritious, wholesome, and palatable meals to inmates that met or exceeded the nutrition and caloric requirements of the State of North Carolina, as well as the American Correctional Association, the Food and Nutrition Board of the National Academy of Science as prescribed for inmates, and the Wake County Health Department. Id. ¶ 5.

As for the telephone procedures at the jail, the inmate handbook provides the following information regarding telephone availability at the jail:

1. All calls from pods or dorms will be collect calls. Each call will be charged to the person you are calling. Long distance calls will be at the applicable rate or you may purchase calling cards from the commissary.

2. All telephone calls are subject to be "<u>monitored and recorded</u>" and any use of the telephone will signify implied consent for the call to be monitored and recorded.

3. If you make any harassing phone calls to another person, you may be prosecuted and/or placed in single cell confinement and your phone privileges will be revoked.

3

> 4. Attempting three way calls may disconnect you and the parties involved.
>
> 5. You may not contact any jail staff directly or through three-way calling. If you do so, your phone privileges will be revoked and you may be charged with a disciplinary violation.
>
> 6. Telephone calls to attorney's offices will not be monitored or recorded.

Steinbeck Aff. ¶ 10.[3]

The jail provides telephone service to inmates through the Pay-Tel collect call telephone system. Id. ¶ 11. When an inmate makes a call, the system notifies the called party that the call is coming from an inmate facility, names the inmate, and then allows the called party to refuse or positively accept the call. Id. ¶ 12. The collect call system, however, is used only in the inmate housing area; it is not used in the jail's detention intake center. Id. ¶ 13.

## DISCUSSION

A. Shaw Food Service's Motion to Dismiss

Plaintiff's allegations against Shaw Food Services are limited to his food-related claims, and do not include his First Amendment telephone-access claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 49 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). A private corporation is liable under § 1983 "only

---

[3] Wake County Jail Administrative Officer Steinbeck submitted an affidavit in support of Harrison's motion for summary judgment. Id. ¶ 2.

when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). A policy is a formal statement by the private corporation. See Bardes v. Magera, C.A. No. 2:08-CV-487-PMD-RSC, 2009 WL 3163547, at *30 (D.S.C. Sept. 30, 2009) (citing Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan., 996 F.2d 1035, 1041 (10th Cir. 1993)), aff'd, 403 F. App'x 862 (4th Cir. Dec. 3, 2010), cert. denied, 131 S.Ct. 1788 (2011).

Shaw Food Services is a private North Carolina corporation, which concedes that it acted under color of state law to provide food service to the jail. Shaw Foods Services, however, asserts that it is not liable to plaintiff pursuant to § 1983 because plaintiff has not cited to any policy or practice of Shaw Food Services that was a direct causal link to the alleged constitutional violation. Nor has plaintiff alleged a clear and consistent pattern of constitutionally-deficient food service of which Shaw Food Services had notice, and failed to act upon. Plaintiff, instead, makes conclusory allegations that short portions were a "consistent pattern" at the jail and that the food caused inmates to become ill. Plaintiff makes no allegation that Shaw Food Services was aware of the alleged inadequacies in their meals or inmate illnesses. Compl. p. 3. Based upon the foregoing, plaintiff fails to state a claim upon which relief may be granted against Shaw Food Services. See, e.g., Woods v. Aramark Correctional Services, LLC, No. CCB-11-1074, 2011 WL 4632571, at *1 (E.D.N.C. Sept. 29, 2011); Williams v. Aramark Food Service, No. 5:08-CT-3168-D, 2011 WL 4460440, at *3 (E.D.N.C. Sept. 26, 2011). Therefore, Shaw Food Services' motion to dismiss is GRANTED.

B.  Harrison's Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

2.  Analysis

a.  Diet-Related Claims

Plaintiff alleges Harrison acted with deliberate indifference to his alleged dietary needs in that the jail served "short portions" and inadequate protein sources forcing him to make canteen purchases to supplement his diet. Harrison asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

6

The court first determines whether plaintiff alleged a constitutional violation. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The court begins with the objective prong of the Eighth Amendment test. While plaintiff asserts that his alleged inadequate diet at the jail resulted in weight loss, lack of energy, lethargy, and mood swings due to hunger, Umesi submitted an affidavit stating that plaintiff did not present to medical with any verifiable medical diagnosis of weight loss, lack of energy, lethargy, or mood swings due to hunger while he was incarcerated at the jail. Umesi Aff. ¶ 6. Rather, the only medical diet-related treatment plaintiff received at the jail occurred on June 22, 2009, when plaintiff complained of left side pain, at which time he was treated for indigestion. Id. ¶ 7. To the extent plaintiff experienced mood swings, Umesi attributes such behavior to plaintiff's condition of paranoid, mixed-bipolar, schizoaffective disorder, combined with his antisocial personality disorder. Id. ¶ 6.

Other than his conclusory allegations of weight loss and unspecific dietary-related illness, plaintiff has not presented any evidence or specific factual allegations evidencing any dietary-related illness. In particular, plaintiff has not provided any details as to the extent of his weight loss or any

7

dates upon which he allegedly had a dietary-related illness. Nor has he provided any evidence reflecting that his alleged medical problems were caused by an inadequate diet. Accordingly, plaintiff has not produced sufficient evidence to establish the objective prong of the Eighth Amendment test. See, e.g., McFadden v. Major, No. 1:10-1941-TMC, 2011 WL 5873037, at *1 (D.S.C. Nov. 22, 2011) ("Plaintiff has failed to state a claim regarding conditions of confinement as there is no evidence that Plaintiff's diet caused him to suffer any injury."), aff'd, 467 F. App'x 224 (Feb. 23, 2012); Kennedy v. Hunt, No. 9:08-CV-3938-SB-BM, 2010 WL 545895, at * 8 (D.S.C. Feb. 11, 2010) ("Plaintiff has provided no evidence whatsoever to support his claim that he was provided with an inadequate or improper diet while at the Detention Center, and absent such evidence, the Defendants are entitled to summary judgment.") (citations omitted); Harrison v. Moteka/Motycka, No. 9:06-1203-PMD-GCK, 2006 WL 4071598, at *6 (D.S.C. Dec. 1, 2006) ("There is no evidence of any deterioration of the Plaintiff's health from the food service. Without more, Aramark and its Food Service Director Bob Sefers are entitled to summary judgment.") (citing Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854 (1975)) (citations omitted)).

The court now turns to the second prong of the Eighth Amendment test–whether Harrison acted with deliberate indifference to plaintiff's dietary needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

8

It is well-settled that inmates have a right to "nutritionally adequate food, prepared and served under conditions that do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (internal quotation marks and citations omitted). However, the United States Constitution does not guarantee food that is prepared and served in a culinarily pleasing manner. See Harrison v. Moketa, Motycka, 485 F. Supp. 2d 652, 656 (D.S.C. Feb. 15, 2007) (citation omitted), aff'd 235 F. App'x 127 (4th Cir. Aug. 8, 2007); Mayo v. Thompson, No. 85CV437, 1986 WL 8412, at *1 (E.D. Va. 1986) (alleged deficiencies in inmate food quality, such as rotten and spoiled food, do not normally amount to a constitutional infringement of rights absent a showing of illness and certainly would not amount to a violation of the Eighth Amendment as such deficiencies fall far short of being "subhuman" conditions that would "shock the conscience."); Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994); La Maire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

Applying these principles, the court finds that plaintiff has not established an Eighth Amendment violation. In response to plaintiff's allegations, Harrison presented evidence reflecting that the jail provided "nutritious, wholesome and palatable meals to inmates that met or exceeded the nutrition and caloric requirements of the State of North Carolina and in addition met all standards as established by The American Correctional Association, the Food and Nutritional Board of the National Academy of Science as prescribed for inmates, and the Wake County Health Department." Umesi Aff. ¶ 5. Plaintiff has provided no evidence that Harrison, as the Wake County Sheriff, acted maliciously, sadistically, or for the sole purpose of causing harm. See Love v. Walker, 936 F.2d 567, at *2 (4th Cir. June 28, 1991) (citation omitted)). Moreover, there is no evidence that plaintiff's diet was deficient in any respect.

9

To the extent plaintiff complains about the subjective quality of the food provided pursuant to the jail's vegetarian meal plan, as stated in this court's prior orders, such complaints are not sufficient to state an Eighth Amendment claim. Escalante v. Huffman, No. 7:10CV00211, 2011 WL 3107751, at *9 (W.D. Va. July 26, 2011) ("Mere dissatisfaction with the variety, portion size or savor of his prison diet is not sufficient to state a claim.") (citing Hamm v. Dekalb Cnty, 774 F.2d 1567, 1575 (11th Cir. 1985)).

Finally, the court addresses plaintiff's complaint that the protein sources for the jail's vegetarian diet were inadequate. As stated, Umesi submitted an affidavit stating that the meals provided by the jail met or exceeded the State of North Carolina's nutrition and caloric requirements. Umesi Aff. ¶ 5. Plaintiff has presented no evidence to the contrary or to support his conclusory allegation of inadequate protein sources. See Cartwright v. Woody, No. 1:11cv1070 (JCC/JFA), 2012 WL 5866457, at *4 (E.D. Va. Nov. 19, 2012) ("[D]efendants have shown that the food at Richmond City Jail is nutritionally adequate [] and plaintiff has failed to rebut that showing with anything more than conclusory assertions.") Based upon the foregoing, plaintiff has failed to establish a constitutional violation for this claim. Because plaintiff has failed to establish an Eighth Amendment violation, Harrison is entitled to qualified immunity.

    b.  Access to Telephone Claim

Plaintiff vaguely alleges that the jail's Pay-Tel telephone service blocked his ability to make telephone calls to his home number. A prisoner, however, "has no right to unlimited telephone use." Mbewe v. Unknown Names, No. AW-12-CV-3138, 2012 WL 5966533, at *3 (D.Md. Nov. 27, 2012) (citing Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994)). Telephone access is "subject to rational limitations in the face of legitimate security interest of the penal institution." Id. Here,

plaintiff has not alleged any injury based upon his alleged limited telephone access. Thus, plaintiff fails to state a constitutional claim, and Harrison is entitled to qualified immunity.

To the extent plaintiff also attempts to raise a claim arising from a 2008 altercation at the jail involving the telephone service at the jail, he previously raised this claim in <u>McMillian v. Wake County Sheriff's Department</u>, No. 5:08-CV-342-FL (E.D.N.C. Oct. 12, 2011). The parties in the former action subsequently entered into a settlement agreement and dismissed the action in <u>McMillian v. Wake County Sheriff's Department</u>, No. 5:08-CV-342-FL (E.D.N.C. Oct. 12, 2011), with prejudice. Accordingly, any claim arising out of the 2008 altercation is barred by the doctrine of *res judicata*. <u>See</u> <u>Nash County Bd. of Ed. v. Biltmore Co.</u>, 640 F.2d 484, 487 (4th Cir. 1981) ("We have . . . no difficulty in concluding . . . that the consent judgment in the state court constituted, for *res judicata* purposes, a final judgment on the merits."). Plaintiff has not presented any evidence to the contrary. Thus, plaintiff has failed to state a constitutional claim, and Harrison is entitled to qualified immunity for this claim. Because Harrison is entitled to qualified immunity for each of plaintiff's claims, Harrison's motion for summary judgment is GRANTED.

C.   John Cook

On September 26, 2011, plaintiff filed a motion to amend his complaint, which this court granted. Plaintiff's amended complaint names Harrison as the defendant, and makes allegations regarding plaintiff's diet at the jail. Plaintiff attached to his amended complaint a pleading captioned "Rule 65 Injunction" which appears to involve an incident with a physician--Dr. John Cook ("Cook"). The allegations appear to concern Cook's participation in a prior lawsuit filed by plaintiff. As relief, plaintiff states that he "seeks counsel and punitive damages of $250,000 for defamation of character that cost him judicial review in his favor based on the defendant's expert

11

opinion that falsified McMillian's reasons, on two occassions, when visiting Wake Medical Center for treatment as result of police injury." (DE 5, Attach. pp. 15-16.)

The court is unsure why plaintiff attached his request for an injunction to his motion to amend his complaint, as the two pleadings are completely unrelated. In each of plaintiff's amended complaints, plaintiff clearly identifies the defendants in this action as either Harrison or Shaw Food Services. Plaintiff has never named Cook as a defendant in this action. Nor has plaintiff requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a) to include a claim against Cook. Because plaintiff has not moved this court to amend his complaint pursuant to Rule 15(a) to include a claim against Cook, it is not properly before the court, and is DISMISSED without prejudice. See United States v. Jones, 842 F.2d 1293, at *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr, No. 3:05CV325-02-MU, 2009 WL 2738459, at * 5 (W.D.N.C. Aug. 26, 2009).

Alternatively, even if plaintiff could proceed with his claim against Cook, it would be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Here, plaintiff seeks relief for his alleged "defamation of character" by Cook. (DE 5, Attach. p. 15.) The United States Supreme Court has held that damage to reputation alone, even if defamatory, does not implicate a protected liberty or property interest. See Paul v. Davis, 424 U.S. 693, 712 (1976); Solomon v. Dixon, 724 F. Supp 1193, 1197 (E.D.N.C. 1989) (stating defamation alone is not sufficient to state a claim pursuant to § 1983) (citing Paul, 424 U.S. 693), aff'd 904 F.2d

12

701 (4th Cir. 1990)); Hodge v. Jones, 31 F.3d 157, 165 (4th Cir. 1994) ("a conclusory allegation of reputational injury which, absent a cognizable stigma and the ensuing loss of a tangible interest, fails to state a cause of action under § 1983") (citing Paul, 424 U.S. at 701); Jackson v. Long, 102 F.3d 722, 730 (4th Cir. 1996). Therefore, plaintiff has not alleged a constitutional violation, and this claim is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, Shaw Food Services' motion to dismiss (DE 35) and Harrison's motion for summary judgment (DE 51) are GRANTED. To the extent plaintiff alleges a claim against Cook, it is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 5th day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge